# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HSIN-CHI SU and F3 CAPITAL, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. _____ |
| VANTAGE DRILLING, INTERNATIONAL, | : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Hsin-Chi Su a/k/a Nobu Su, an individual, and F3 Capital, his wholly owned company (collectively, "Plaintiffs"), by their attorneys, bring this action for declaratory relief, as follows:

### Preliminary Statement

1. Plaintiffs hold various Claims against VDI[1] that aggregate in excess of $2 billion. The Claims are related to, but separate from, the Appeals pending before this Court that arose out of VDI's Bankruptcy Case and were docketed as at Civil Action Nos. 16-47 and 16-48 (GMS) (collectively, the "Appeals," described more fully within). Plaintiffs wish to prosecute the Claims; however, there is uncertainty as to whether the Claims are subject to certain releases and injunctions contained in the Confirmation Order entered in the Bankruptcy Case. Plaintiffs' need for relief is underscored by VDI's recent $622 million arbitration award obtained against Petrobras, the Brazilian, state-owned oil company. Plaintiffs seek declaratory relief as to their rights to prosecute the Claims – as well as their entitlement to adequate protection of their interest in the Petrobras Arbitration Award – all of which is independent of this Court's adjudication of the Appeals.

---

[1] All capitalized terms not otherwise defined refer to the terms as defined, *infra*.

## Parties

2. Hsin-Chi Su a/k/a Nobu Su ("Su") is an individual resident of Taiwan who conducts business globally, including in the United States.

3. F3 Capital is an exempted company organized and existing under the laws of the Cayman Islands that is solely owned by Su. F3 Capital was the majority equity holder in Vantage Drilling Company ("VDC"), a Caymans Island company, that was the parent of Offshore Group Investment Limited ("OGIL"). Following the Bankruptcy Case, OGIL changed its name to Vantage Drilling International.

4. Vantage Drilling International ("VDI") is a Cayman Islands exempted company, that was reorganized in a pre-packaged Chapter 11 case in this court styled *In re Offshore Group Investment Limited, et al.*, at Case No. 15-12422 (BLS) (the "Bankruptcy Case").

## Jurisdiction and Venue

5. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 1334(b) and 2201 because it is related to a case under title 11 that is pending in this district. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

## Background Facts

A. **Plaintiffs' Claims.**

6. Plaintiffs hold various unliquidated claims (collectively, the "Claims") against VDI that aggregate approximately $2 billion. The Claims arise out of a fraudulent course of dealings by VDI and its various insiders that was designed to render Plaintiffs' valuable interests in VDC worthless. The Claims were asserted, *inter alia*, in the Bankruptcy Case. The factual background of the Claims is detailed in Plaintiffs' briefs filed in the Appeal, at D.I. 15 and 18

2

(collectively, the "Appellants' Briefs"), copies of which are attached hereto and incorporated by reference.

7. The Claims were preserved through a settlement agreement, dated May 17, 2017, between and among Plaintiffs, VDC (In Official Liquidation), and Alex Lawson and Kris Beighton of KPMG in their capacity as official liquidators of Vantage Drilling Company (In Official Liquidation). The settlement agreement was approved by the Cayman Islands court in June, 2017.

B. **The Bankruptcy Case.**

8. OGIL commenced the Bankruptcy Case on December 3, 2015. The procedural history of Plaintiffs' attempt to assert the Claims in the Bankruptcy Case is set forth in the Appellants' Briefs.

9. In the Bankruptcy Case, the bankruptcy court ruled that Plaintiffs lacked standing to participate in the Bankruptcy Case and, in particular, to object to confirmation of the Plan. As such, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' (A) Disclosure Statement Pursuant To Sections 1125 and 1126(b) of the Bankruptcy Code, (B) Solicitation of Votes and Voting Procedures, And (C) Forms of Ballots, and (II) Confirming the Amended Joint Prepackaged Chapter 11 Plan Of Offshore Group Investment Limited and Its Affiliated Debtors*, at D.I. 188 (the "Confirmation Order") confirming the *Amended Joint Prepackaged Chapter 11 Plan Of Offshore Group Investment Limited and Its Affiliated Debtors*, at D.I. 166 (the "Plan") over Plaintiffs' continuing objections.

10. Although the Confirmation Order contains certain releases and injunctions that may affect Plaintiffs' ability to prosecute the Claims, the *Order (A) Granting Final Decree and*

3

*(B) Terminating Claims and Noticing Services,* at D.I. 342 (the "Final Decree") entered in the Bankruptcy Case preserved Plaintiffs' claims in respect of the Appeals, including the Claims.

11. Plaintiffs filed the Appeals in this Court as separate appeals from the bankruptcy court's rulings, *Hsin Chi Su and F3 Capital v. Offshore Group Investment Limited, et al.*, at Civil Action Nos. 16-47 and 16-48 (GMS), which have been consolidated and are pending *sub judice*. The Appeals have since been assigned to District Judge Noreika.

C. **The Petrobras Arbitration Award.**

12. In June 2018, VDI (through two of its subsidiaries) obtained an award in the approximate amount of $622 million against Petrobras America, Inc., Petrobras Venezuela Investments & Services, BV and Petroleo Brasileiro S.A.-Petrobras (collectively, "Petrobras") in an arbitration conducted under the auspices of the International Centre for Dispute Resolution of the American Arbitration Association captioned *Vantage Deepwater Co. et al v. Petrobras America Inc., et al.*, No. 01-15-0004-8503 (the "Petrobras Arbitration Award"). The Petrobras Arbitration Award was based upon Petrobras' wrongful termination of a contract with OGIL.

13. Although litigation regarding the Petrobras Arbitration Award continues in the United States District Court for the Southern District of Texas, VDI has attached certain assets of Petrobras in the Netherlands to secure collection of the Petrobras' Arbitration Award.

14. Plaintiffs have a pecuniary interest in the proceeds of the Petrobras Arbitration Award as it represents a source from which the Claims can be satisfied.

## COUNT I

**(For Declaratory Relief)**

15. Paragraphs 1 through 14 are incorporated by reference.

16. Plaintiffs wish to prosecute the Claims; however, it is uncertain whether they are precluded from doing so by the releases and injunctions contained in the Confirmation Order.

17. Moreover, VDI recently settled with the United States Securities and Exchange Commission and the United States Department of Justice in connection with an investigation into whether OGIL may have violated the Foreign Corrupt Practices Act in its dealings with Petrobras.[2] The possibility of criminal or intentionally fraudulent conduct on the part of VDI's predecessor creates further uncertainty as to the applicability of the releases and injunctions contained in the Confirmation Order because claims for such acts were not released under the Plan.

18. In addition, the Petrobras Arbitration Award has created property in which Plaintiffs have an interest and with respect to which Plaintiffs are entitled to adequate protection.

19. Regardless of the final outcome of the Appeals, Plaintiffs are entitled to the relief requested. If VDI prevails in the Appeals, it will be because this Court has determined that Plaintiffs did not hold claims or interests that would have entitled them to participate as stakeholders in the Bankruptcy Case; and, as such, Plaintiffs would not be bound by the releases and injunctions contained in the Confirmation Order because they only apply to holders of "Claims" and "Interests" as defined in the Plan.

20. If, on the other hand, Plaintiffs are successful in the Appeals, the Bankruptcy Case will need to be reopened, *see* Final Decree at 8-9, and the Claims will have to be liquidated there. Moreover, to the extent the Claims are then allowed, Plaintiffs will be entitled to a distribution

---

[2] See *Vantage Drilling International Agrees to Settle FCPA Charges*, Nov. 19, 2018. Retrieved from https://www.sec.gov/enforce/34-84617-s; *Vantage Drilling International Announces Closing of FCPA Investigation by the SEC*. Nov. 19, 2018. Retrieved from https://globenewswire.com/news-release/2018/11/19/1654083/0/en/Vantage-Drilling-International-Announces-Closing-of-FCPA-Investigation-by-the-SEC.html.

from the assets of VDI's reopened bankruptcy estate. As such, the Petrobras Arbitration Award will be collapsed into the reopened bankruptcy estate and further administered by the bankruptcy court.

21. The Confirmation Order is unclear as to whether the releases and injunctions apply to Plaintiffs in this instance. In order to avoid the uncertainty and risk of possibly violating the Plan injunction, Plaintiffs respectfully request that this Court issue declaratory relief that:

(i) The Claims were neither released by the Plan nor enjoined by the Confirmation Order;

(ii) Plaintiffs may immediately proceed to liquidate the Claims against VDI in any court of competent jurisdiction;

(iii) Pending this Court's adjudication of the Appeals, Plaintiffs are entitled to adequate protection of their interests in the Petrobras Arbitration Award;

(iv) In the event that circumstances change as a result of the adjudication of the Appeals, Plaintiffs' claims for any further rights and remedies are preserved; and

(v) Plaintiffs be accorded such other and further declaratory relief as is just.

| | |
|---|---|
| Dated: January _, 2019 | STEVENS & LEE, P.C. |
| | |
| | */s/ Joseph H. Huston, Jr.* |
| | Joseph H. Huston, Jr. (No. 4035) |
| | 919 N. Market Street, Suite 1300 |
| | Wilmington, Delaware 19801 |
| | Tel. (302) 425 3310 |
| | Fax (610) 371 7972 |
| | Email: jhh@stevenslee.com |
| | |
| | -and- |
| | |
| | Leonard P. Goldberger |
| | (Admission *pro hac vice* pending*)* |
| | 620 Freedom Business Center, Suite 200 |
| | King of Prussia, Pennsylvania 19406 |
| | Tel. (610) 205-6046 |
| | Fax (610) 371-7376 |
| | Email: lpg@stevenslee.com |
| | |
| | *Attorneys for Hsin-Chi Su and F3 Capital* |

7